

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# Davis v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4801

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Davis v. USA" (2006). *2006 Decisions*. Paper 973.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/973

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-205                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4801

_____

MICHAEL DAVIS,
Appellant

v.

UNITED STATES OF AMERICA; DR. MARIE TYRGOVAC;
TROY WILLIAMSON, WARDEN, USP ALLENWOOD;
S. CONFAIR; R. DIVERS; S. MITCHELL; TODD CERNEY

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02284)
District Judge: Honorable A. Richard Caputo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 27, 2006

BEFORE: SCIRICA, Chief Judge RENDELL and AMBRO, Circuit Judges

(Filed: June 1, 2006)

_____

OPINION

_____

PER CURIAM

Michael Davis appeals from the District Court's order granting summary

judgment in favor of the defendants.  In his Bivens action, Davis alleges that officials at

the United States Penitentiary-Allenwood retaliated against him for taking legal or administrative action against a program coordinator at the prison. Specifically, Davis contends that the defendants planted a seven-inch sharpened metal rod in his locked locker (located within his two-person cell) and charged him with possession, manufacture, or introduction of a weapon. Davis also claims that his right to due process was violated during the subsequent disciplinary hearing and resulting sentence of 60 days in disciplinary segregation.

In response to the complaint, the defendants filed a motion to dismiss the complaint or, alternatively, for summary judgment. The District Court entered summary judgment in the defendants' favor; this timely appeal followed.[1] Because the appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

To prove retaliation, a prisoner must demonstrate 1) that he engaged in constitutionally-protected conduct, 2) an adverse action by prison officials, sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and 3) a causal link between the exercise of the rights and the adverse action taken against him.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002). Summary judgment is appropriate where there is no genuine issue of material fact. See Fed. R. Civ. P. 56. A genuine issue of material fact exists only where a reasonable jury could find for the non-moving party in light of the evidence presented. See Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988). We review the facts in a light most favorable to the party against whom summary judgment was entered, and where the parties' evidence is in conflict, we accept the non-movant's as true. See Pastore v. Bell Telephone Co. of Pa., 24 F.3d 508, 512 (3d Cir. 1994).

2

See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). In granting summary judgment, the District Court concluded that because Davis was not prevented from pursuing this suit or administratively exhausting his claims, any adverse action failed the deterrence prong. The District Court also found Davis' evidence of a causal link lacking.

We agree that Davis' retaliation claim fails, but for different reasons. Though his allegations are not precisely clear, Davis claims either that prison officials planted a seven-inch knife-like metal rod in his locker, or that officials legitimately found a pair of gloves and a metal sardine can top (prohibited items), and later changed the paperwork to make it look as if they had found the knife. We find no credible evidence to support either claim. Davis provides no support for his assertion that the defendants deliberately destroyed a surveillance tape that would show that the weapon was not legitimately discovered. Instead, the evidence shows that by the time the appropriate staff member was contacted nearly two months after the incident, the tape was recorded over as part of a regular practice of recycling surveillance tapes after a certain amount of time has passed. There is also evidence, not addressed by Davis, that even if it existed, the tape would not be fruitful because the surveillance system does not record activity inside the cell. Davis' allegation that the weapon that prison officials planted was one previously seized from another inmate is refuted by the disciplinary hearing officer's specific finding that the two weapons are not similar. Davis offers no evidence to support his assertion that the disciplinary report documenting the event originally charged him with possession of an unauthorized item, but was then changed to the more serious weapon

3

charge. Finally, Davis' allegations regarding time discrepancies in reports documenting the events do not support his larger planted-weapon claim. For these reasons, we conclude that Davis has not shown adverse action by prison officials.

With regard to the due process claim, Davis' procedural due process rights are triggered by deprivation of a legally cognizable liberty interest. See Mitchell, 318 F.3d at 531. If Davis has no protected liberty interest in remaining free of disciplinary custody, then the Fourteenth Amendment does not obligate the state to provide him with process. Id. Here, the District Court concluded that because Davis' sanction did not include the loss of good conduct time, he did not possess a liberty interest, and accordingly, was not entitled to due process rights.

Though we agree with the conclusion, the analysis is incomplete. Though the Supreme Court has found that the loss of good time credits entitles prisoners to appropriate due process, see Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974), the question of whether a sanction implicates a liberty interest is not answered by looking at good time credits alone. A liberty interest may also be present where a punishment entails an "atypical and significant hardship." Mitchell, 318 F.3d at 532 (citation omitted). Courts are required to look into this possibility. See id. at 533 n.6. In order to do so, a court should perform a fact-specific inquiry evaluating "the duration of disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Id. at 532 (citation omitted).

Applying these criteria, we conclude that Davis has not shown that he had a liberty

4

interest at stake. He has provided no evidence that the conditions during his 60 days of disciplinary segregation involved atypical or significant hardship. Contra id. at 528, 533 ("deplorable" conditions of prisoner's cell in restricted housing unit included human waste smeared on the walls, infestation by insects, and nightly kicking and banging on the walls by other inmates). In addition, this Court has found several times that restrictive confinement for a much longer period than that imposed upon Davis does not implicate the prisoner's liberty interests. See Smith v. Mensinger, 293 F.3d 641, 645, 654 (3d Cir. 2002) (seven months disciplinary confinement); Torres v. Fauver, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days); Griffin v. Vaughn, 112 F.3d 703, 706-09 (3d Cir. 1997) (fifteen months administrative detention). Davis offers no other reason why the sanction against him meets the standard.

In sum, we conclude that the District Court properly dismissed Davis' claims. Because this appeal lacks merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).